First case of the afternoon, Paul 211-209. People of the state of Illinois, Mr. Christopher B. Bailey. On behalf of the Avalanche, Mr. Thomas Lillian. On behalf of the Appalachians, Mr. J. Paul Hall. Thank you. Mr. Lillian. Good afternoon, Your Honor. This is a case where we did not request oral argument because we consider the law to be well settled in our favor on this issue, but I will briefly talk about our position. Why would you think that? Why would you think that it's well settled? Because of the line of cases in this court of line revestment, including in guilty plea, post plea motions. How many judges in Bannister decided that Meditti was appropriate support for the proposition? That was a 4-3 decision, Your Honor. Pardon? That was a 4-3 decision, Your Honor. Yes, but how many of the justices believed that Meditti was appropriate? The majority opinion cites to the majority opinion in Meditti. And what does the dissent say? The dissent chides the majority for not making the pronouncement on its own, instead of citing to lowly appellate court decision. So did the dissent actually chide the majority for its long decision in support of Meditti, or did it merely suggest that it would be nice that not only do they cite Meditti for support for their proposition, but they make the pronouncement themselves? Well, I think, you know, they cite Meditti, and then in the string of cites is Kading, which is their own precedent. So I'd say the Supreme Court's stuck by its prior precedent and that Meditti has been decided consistently with that precedent. And then the further step of this court has applied it with guilty plea motions in cases such as Montiel and Watkins, which we've cited in the briefs. When you say the Supreme Court applied its own precedent, how did it apply that precedent in Sears? I mean, how does Sears factor into this whole Meditti argument and the dissent? Well, I don't know how I can speak with the Supreme Court here in this line of cases. But what I will say is in Bannister, which is the most recent thing we have in the Supreme Court on this, I think the Supreme Court does say for both personal and subject matter jurisdiction, it recognizes there is still this doctrine of revestment. Citing to Meditti, which is a post-Flowers case, granted not only in guilty plea cases, but is a post-Flowers case. So I think the Supreme Court has stuck with the revestment doctrine and as to both personal and subject matter jurisdiction in the wake of Flowers. Of course, Bannister was a case where both parties went in and said, we want to redo this sentence. The state and the defendant, not the parties of Bannister, but the witness and the state went in the court and said, we want to undo the witness's sentence. And you give them different sentences and they cooperate. But I think this court and the other, and basically all the courts that have spoken on this recently, except for the Fourth District and the Halvorson case, which is the case the statement lies on, have taken a different view of active participation. I think the best statement of active participation is in the Salcido case from the First District, which accepts the precedence of this court and says, revestment may apply where one party challenges the prior judgment and the other party conducts itself in a matter which is inconsistent with acknowledging the final and binding nature of that judgment. And what would you consider inconsistent? I mean, if the state steps up to the bench and assume that we are agreeing with Flowers that you really can't waive the issue. Flowers does not address revestment in the Supreme Court, spoke again to revestment in Bannister and recognized that that still exists. I understand that. But even if you're stepping up to the bench, even if the state doesn't object, but the state steps up and the defendant says, you know, I'm fine with this motion. And they start arguing about the sentence and the state says, judge, the sentence that you imposed was the correct sentence. You know, that's the proper sentence. How is that revestment? The state has the responsibility under the precedence of this court and the other decisions to say at that point, judge, you don't have jurisdiction to consider this or this motion is untimely. If they go to the merits of the motion, then it revests. Okay. How about if they say, judge, you don't have jurisdiction and the judge says, well, I'm in here in any way. And then the start state says, well, I think you did the proper thing. I think the proper sentence that you handed down back in May is correct. I think the state's probably on good grounds as long as they objected to the timing or the jurisdiction of the court, regardless of what flower says. With respect to waving, I think the fact that we have the Supreme Court did not address the investment in flowers. They have addressed revestment since there are ways that the parties may waive a jurisdictional argument. You can revest a case. So I don't think that language from flowers can be taken to wipe out the revestment doctrine, as this court has said in some of the precedents we're relying on. That flowers should not be taken to wipe out the revestment doctrine, and I think the Supreme Court itself confirmed that in Bannister. Maybe in a more free decision, but a majority of the Supreme Court still stuck by that position in Bannister, that there is revestment, which overrides some of that language in flowers. Have you determined how old the revestment doctrine appears to be? No. I mean, there's the discussion of the, not because of the Tia Toman case, the 1940 case that's mentioned in some of these precedents. Have you ever heard of a case called Harrington v. McCollum? No, I haven't. The 1874 case? No, I haven't. Cited the 1874 W.L. 9016. You're saying that's a Supreme Court decision because I think maybe back then there was no appellate court? Do you know what it said? No, I do not, Your Honor. The defendants to avail of the right to question the jurisdiction of the court when the case was reinstated should either have not appeared at all or limited their appearance to the objection against the jurisdiction of the court. Now, there's no citation to authority for that quote, so I'm assuming that was the first time that that was pronounced. And then the line of cases that follow that talk about if you appear and actively participate, then you revest it. That's the cases from 1890, 1904, and then all the way up to Keating. But Keating adds another layer to that. Doesn't Keating say that you appear and participate inconsistent with the merits of the former judgment? Am I reading that correctly? If your participation is inconsistent with the merits of the former judgment? You know, those may be the words. I can't say I reread Keating before today. I looked at Flowers and Bannister. But even taking that as the language, I think the definition of active participation has been fleshed out in subsequent cases, and I think what I said in Salcido says is the best statement of that. That is in paragraph 29 of Salcido. I agree that it's active participation. I agree that there's a line of cases from this district. I understand that. As you can tell, we're looking at it now. Obviously, you're entitled to change it. You're prerogative, and I'm not sure any of the members of this panel were on cases in that recent line of cases.  So your issue is once the state fails to object, even though if you read Flowers and it says that the lack of subject matter jurisdiction is not subject to waiver. The Supreme Court said exactly the opposite, that in Bannister. They said both personal and subject matter jurisdiction are subject to revestment in Bannister. So that language from Flowers has, at least in the context of a revestment, been overruled. And it's not just object. There is the active participation, which means argument on the merits. So you're saying, just so I have this clear, you're saying that if the state steps up and does not explicitly object, but they argue consistent with the judgment, there's still revestment. Correct. So as long as, even if they argue consistent with the judgment, as is set out in Katie, the fact that they didn't. By arguing the merits, they are not accepting the final and binding nature of the judgment. In that quote I read from Salcido, there's acknowledging the final and binding nature of the judgment. By arguing on the merits, they are at least, they are acknowledging that it's not a final and binding judgment. There's that dimension of it. Okay. Well, then if they object and they step up and they still argue consistent with the judgment, you're saying even if they object, they're still actively participating. Is that what you're saying? Well, the quote Justice McClaren read earlier would suggest they can't do that. Now, I said earlier, you know, I don't know what the situation is where they both do object and then argue the merits. I don't think any of the recent cases have addressed that scenario. Well, I think it was addressed in Halverson. I mean, in Halverson, the court said contrary to life experiences, who doesn't want to argue against a post-plea or a post-trial motion? Well, I think that makes the point is they do have to make the objection. Or they do have to argue. But. I mean, what if they step up. Not just any argument. No, no. So what if the state steps up to the bench and says, Judge, you know, this is past due, this is 40 days out, 30 days is past due, and the judge says, well, I'm going to hear the motion anyway. So then the state, in your scenario, has to stand with their arms crossed, their mouth closed, and say nothing. Well, I think that's the scenario in the quotation read by Justice McClaren. I said the state may have, the state probably has a stronger argument where they have objected and then basically the court compels them to address the merits or directs them to address the merits. Maybe then they haven't. I think there's a third district case written by Justice McDade that said that when a court requires people to appear, then it's not deemed to be a waiver. Right. I find it intriguing that this position taken by the state is that you can have your cake and eat it, too, to the extent that you can stand there, argue on the merits, and then claim that the court didn't have jurisdiction on appeal. So you can win either way. I don't know of any other instance in civil or criminal law where anybody can stand before the court and argue and later on say, I really wasn't there, and the court really didn't have jurisdiction to rule either for or against me, and therefore I want to vacate it. When you start talking about whether or not there is res judicata and whether or not a timely post-conviction petition or whether or not estoppel or res judicata applies, it gets muddled if supposedly we don't know whether, supposedly we are now ruling on the merits of vacating this, which means that it's a nullity and res judicata doesn't apply or estoppel doesn't apply. Are you aware of any other instance where someone is allowed to appear, argue the merits of anything, and then later on claim that they weren't there and that they really objected to the timeliness of the proceedings? Because is this not an issue of a court having jurisdiction and losing jurisdiction based upon the passage of time? Well, that's certainly, I mean, that's sort of a flower, yes. Okay, so if you come back to court and you allow these things and you don't say that the passage of time has affected this in some way, shape, or form, are you now being put in a position where you can have your cake and eat it too? And do you know of any other instance in the history of case law or statutes of the state of Illinois where this has ever happened before? No, I don't. That's why I think the line of revestment cases is properly decided here. Isn't it the judge's responsibility to determine whether or not they have jurisdiction to preside over a case? Again, but the judge can choose, if the parties don't raise it and choose to argue the merits of something, then the judge can exercise his or her jurisdiction. So then the judge can enter a void order if the parties agree to it. A void on what basis, Your Honor? Well, a void sentence if both parties agree to it. For instance, they agree to sentence a class X sexual offender to three class X offenses not to run consecutively. There are certain cases, for instance, the cases that allow somebody to plead guilty to a crime that doesn't really exist, if you agree and plead guilty to it, there are cases upholding that. So yes, there are situations where what I would call a void order can be enforced, yes. I remember there's a guilty plea to attempt voluntary manslaughter out there, a case upholding a conviction for that when there is no such crime. And there are cases out there where a judge sentences a defendant to six years concurrent on three class X mandatory consecutive sentences. The appellate court's going to send that back and say it's a void sentence, correct? Even though the parties agreed to it and even if the judge went along with it, isn't that correct? Yes. So if the judge does not have jurisdiction to hear a matter, even though the parties agree to give the judge jurisdiction, how is it that the appellate court— The parties can agree to let a court consider the merits of a post-judgment motion. Based on? Based on the line—that's what we're talking about here is a post-judgment motion. Correct. And in that situation, revestment does apply to post-judgment motions. You're not claiming, as Justice Shostak suggests, that revestment allows anything goes, so to speak? No, it's in the context of post-judgment motions we're talking about. And it's a contradiction of the statute, I mean, of the Supreme Court rules. I mean, this is an exception that the Supreme Court has carved out where the trial court in this court would otherwise never have jurisdiction if it's outside the 30 days. Correct. The Supreme Court has carved this thing out, and don't you think that we then have to follow specifically what the Supreme Court tells us? Again, I understand it's muddled and muddy, and it's a mess right now. But I realize there are some cases on appeal there, I think at least one or two, where hopefully they'll clear this up at some point in time. But at this point in time, we have to, to the best of our ability, follow those narrow parameters that they've set out for revestment. And the most recent one being— Yes. Okay. Thank you. Do I have an opportunity for a bottle? Or for my further comment? I think you used up your time. I'm sorry I used up your time. May it please the Court, Counsel, I am Jay Huffman of the Appellate Prosecutor's Office. It's my pleasure to represent the people in this case today. Well, I guess we're not going to talk about the second issue. Unlike, and I believe what I just heard Justice Brooks say, and I think contrary to what my opponent said, I do think this is a very muddy, very unclear area, because you have what appear to be absolutely conflicting statements from different cases. Our position is, and I want to get into the old cases in a while, but our position is not so much that, as we had claimed in some earlier cases, that the revestment doctrine doesn't exist after Flowers, but rather that Flowers should be taken to be read as Halderson does to indicate that in the circumstances of a guilty plea, because of the very specific requirements of 604, that revestment does not apply. In addition to that, Your Honor, we have argued, and I would argue today, that courts have expanded the purpose of the revestment doctrine far beyond what it was meant to say. Keating himself says, Parties must actively participate without objecting in proceedings inconsistent with the merits of the prior judgment. This court in Price and in the majority in Menitti said, The rationale behind revestment is that the trial court considers the benefiting party to have ignored the judgment and started to retry the case. It said that in Menitti and People v. Price, 364, Illa, 3rd, 543. Our position is twofold here. Yes, it appears that revestment still exists. With that, I would say the question is, what does it mean? Going back to those old cases, Your Honor, I did not look. I saw that case you talked about cited several times. I did not go back to it. I did read all the cases cited in Keating, which begin in 05, and I think there's an 010 and 014, and goes up. After that, and reading those old cases, it was my belief, as near as I could work through the old language, that those were really cases of personal jurisdiction, not the jurisdiction of the court. And I encourage you to go back and look at those, because it isn't until the 1940 case, and I don't remember the name, that they all of a sudden start using this language about revesting personal and subject matter jurisdiction. Before that, if you look at the old cases, my recollection of the language is something like, a court that has general jurisdiction can revest jurisdiction to the parties, blah, blah, blah, blah, blah, blah, blah. So sometime, I believe, it turned from a matter of personal jurisdiction, and of course, that's still true today. If you show up in court, even if you haven't been properly served, and start to argue there's personal jurisdiction, this is a question of, as Justice Shostak, I think, was talking about, this is a question of the power of the court, the subject matter jurisdiction. And there can be no doubt, none, that Fowler says, regardless of whether a party comes in and complains about jurisdiction, there is no jurisdiction if there is no jurisdiction. Well, back in the 1870s, and before Rule 304A or its previous equivalent, judgments were not deemed to be judgments until they were final and appealable. And that's the reason why, when you have a final contempt and punishment is imposed, either jail or an ongoing fine, the Supreme Court decided that there had to be some mode or manner of review such that, despite the fact that the trial court still had original general jurisdiction, there were things that were happening that related to a livery interest that needed to be reviewed in order to preserve either the financial viability of the party who's been fined or their right to freedom and appellate review from the punishment or the incarceration that was imposed by a trial court. And back then, judgments were put another way. The trial court was considered to have jurisdiction until the judgment was final. In the case that I cited, I believe when you start talking about the jurisdiction, you're talking about the jurisdiction of the court, not I'm here, but I'm objecting to being here. So when it says stay away, it essentially means that you're recognizing the finality of the judgment and the fact that once the judgment is over 30 days old or it's gone through the appellate process, it is final and it is now not subject to, other than possibly the equivalent of a 1401, which didn't exist back then, but there would be no collateral attack. So we have evolved into this melange of final orders except when they're not final. We have 304A and B. We have 5678 where supposedly orders are final for purposes of appeal in certain circumstances and other circumstances they're not. So this melange of finality didn't exist back in the early days of the state. So when they talk about jurisdiction, I think they're talking about subject matter jurisdiction or the ability to vacate a final judgment. Is the court's ruling at the time of the sentencing the final judgment, or can one argue that if the court proceeds with a post-trial motion and the outcome of the post-trial motion is consistent with the original judgment, that the original judgment is in fact the judgment? In other words, can one argue the defendant doesn't have a right to appeal from this post-trial motion which was untimely and the result was consistent with the final judgment? That's what Halverson says and I believe that's what Flowers says. In general, a conviction is final when the sentence is passed, not until then. Then, of course, it's final for appeal unless you have a post-judgment motion attacking it, in which case you extend beyond 30 days from the ruling on the post-judgment motion. And, of course, if you look at Sears, there's all kinds of talk about, well, you can't have a post-judgment attacking a post-judgment, because it doesn't go on forever. Because we want finality. In this case, and I apologize for my bad math, I said two and a half years. Actually, this fellow's motion was three and a half years after the fact. He comes in with this motion, which he's claiming is a 604 motion. Which begs the question, who wants their cake and wants to eat it too? The state or the defendant? Well, yeah, I would say that cases like Flowers and Halverson teach that, well, you can't do that. There's finality and you can't go on forever, and that's why we have it. There's simply no jurisdiction of the court. Now, one can argue, well, you have Bannister, which apply it. And as Justice McLaren pointed out, three of the justices leading by Justice Freeman said, well, we ought to settle this thing. There are some things that are unclear here. We have distinguished Bannister, as Halverson does, because it is not a guilty plea case. Justice Freeman also said that the majority or the decision of Flowers really didn't address revestment. It just talked about subject matter jurisdiction. And he's correct there. They don't mention it. They never really attempted to reconcile the apparent conflict between Flowers and its claim that subject matter jurisdiction can never be obtained through the agreement of the parties. And the revestment doctrine that, quote, unquote, seems to have been at least 140 years old that says, yes, you can. In certain circumstances. Yes, Your Honor, and I think that's the first thing. Wait a second. You say in certain circumstances. What certain circumstances are you referring to? The circumstances are when the parties actively participate without objecting and proceedings inconsistent with the merits of prior judgment. When it sets forth the rationale that both parties, as in Bannister and indeed as in Montiel, this court's case, both parties come and say, hey, there's something wrong. We recognize that there's something wrong. Indeed, if you look at Sears, and excuse my reading a long quote, but it's at page 260 of Sears, when one of the parties is arguing about revestments, it says, Gerald argues that by participating in the hearing on his second motion, Conde revested the circuit court with jurisdiction. The revesting doctrine, however, is inapplicable on the facts of this case. The hearing on Gerald's motion did not concern the merits of the judgment. The participants did not ignore the judgment and start to retry the case, thereby implying that by their conduct, their consent to having the judgment set aside. On the contrary, the hearing was about whether the judgment should be set aside, and Conde insisted it should not, not that in the proceedings it was inconsistent with the judgment. So when you have one party coming forward saying, well, you know, I know it's been three years, but set this aside, and the other party saying, no, that's a good judgment, that's a good judgment, and it's got to be recognized as final because it's three years later. It's over 30 years late. Whatever it is, it's final. Do you think that Flowers carved out a rule of law relative to subject matter jurisdiction in general, or only in pleas of guilty? If I had to look at it, I'd say probably, well, I mean, certainly it's the most easily reconciled by saying plea of guilty because that's the difference between it and Bannister and Keeney. However, I mean, I've seen that. You certainly have seen that language before, Justice, that the parties cannot waive a lack of jurisdiction. The parties cannot consent to have jurisdiction, which is an interesting factor because I think we've gone beyond this now, even arguing about whether it exists or not. To say that simply because you appear and argue consistent with the judgment, but don't talk about timeliness and jurisdiction, that you have somehow consented to considering, you have somehow said, yeah, I agree that that judgment was bad, that just makes no logic. What's the logic if supposedly revestment relates to the finality of the judgment essentially being renounced by the parties? What is so distinctive about pleas of guilty and the 30 days in those situations versus the 30 days in every other finality or final judgment? Because it goes beyond 606. It goes beyond 604. It has very specific rules, and the Supreme Court has said these rules have to be followed. I'm not saying that I think— There are specific Supreme Court rules on motions to reconsider sentences after trial, too, and not just guilty pleas. And that's what appears to have happened in Bannister. Thirteen years later, they tossed out the guy's sentence and re-sentenced him because he was going to cooperate. And the Supreme Court doesn't seem to have a problem with that. No, it didn't. But, again, they said what they said in Flowers. And although they didn't mention revestment, if we look at it and try and find some distinction, the most obvious distinction, as Halderstall says, is the fact that this was a guilty plea and that guilty pleas are treated differently. To go back to what I was saying, to say—and you see that all other places, too, not just in Flowers—to say that you cannot waive jurisdiction. I mean, it's the power of the court. If the court doesn't have the power, the court doesn't have the power. That you can't waive it and you can't consent to let the court do something it doesn't have the power to do makes it inconsistent to me to say, although— Remember, there's a difference between waiver and forfeiture. Although I can't get up and say in this circumstance, yes, we know that we have this right because you don't have jurisdiction, but we are going to let you do it. And yet, that's an annoying relinquishment of a right, and yet someone can forfeit it without even addressing it? That seems inconsistent to me. Let me ask you this question. If an assistant state's attorney steps up to the bench, objects because of timeliness, and the court says, I'm going to hear it anyway, then according to Minetti and some other cases, the state has to sit there with their arms crossed and not argue. Or they can argue consistent with the judgment. The court reduces the sentence. Does the state at that point have a right to appeal? I'm not sure we have a right to, quote, unquote, appeal, Your Honor. Certainly, I would counsel a state's attorney who called me to seek a supervisory order or a mandamus. I certainly would. And I will tell you, it's not on the record, but I will tell you I have had assistant state's attorneys tell me that they are worried about just that, about not arguing on a motion. And I don't know that there's any law on it now. It wouldn't make sense for a court to say, well, if you get up and argue in the same motion or in two motions, okay, courts, you don't have jurisdiction, but then the court does it, then you can argue the merits of it. And yet I can see courts looking on the other side of that and saying, no, you have to stay silent. Correct. And could you see a judge, if the state's attorney stayed silent, could you see a judge saying, fine, you're not going to give me any input? I'm going to do what they want to do. Exactly, Your Honor. Do you take that chance? Yes. Without the ability to appeal? Without the ability to formal appeal. But, again, to be fair, we would have the opportunity to seek mandamus or supervisory order from the Supreme Court. The revestment doctrine says what? That the trial court inherently or implicitly had subject matter jurisdiction from the get-go or from the onset or from the first instance, when the parties first appeared before the court, before there was a final judgment of it? Isn't that what subject matter jurisdiction is, is the power of the authority of the court to render a decision? The power of the court over a particular substantive matter, yes, which we now know is given by the Constitution in all but administrative matters. So is it an oxymoron or a paradox for Flowers to say that the parties cannot confer subject matter jurisdiction on a court that doesn't have subject matter jurisdiction? And when did they do this? The trial court had subject matter jurisdiction from the outset, did it not? And this subject matter that was in existence at the instance or the initiation of the lawsuit terminated or evaporated, was suspended after the final judgment was rendered. Is that not correct? 30 days after the judgment if there is no appeal, if there is no motion attacking it. Now, are 1401s and post-conviction petitions and any other proceedings apparently under Bannister where it's 13 years old, does the court in Bannister lack subject matter jurisdiction? Did it have not the ability to do exactly what it had done had somebody filed a 1401 or post-conviction or a mandamus or something such that there was an original pleading such that the trial court could rule and grant relief? Excuse me, Your Honor, but that's apples and oranges. We know you're in post-conviction, virtually every post-conviction case starts with this is not a continuation of the direct appeal. This is a separate action. Do you know the difference between void and voidable? My point is that if the trial court renders a decision based upon revestment, it isn't a void judgment, it's voidable. And if somebody appeals it, then the questions on the merits are determined. The court has the inherent authority to sit and listen to the arguments that are made, does it not? Are these not the types of things that the trial court listens to and rules upon? Not if it doesn't have the power to do it, Your Honor, and I disagree. And why doesn't it have the power to do it? Because it's more than 30 days past the date of final judgment. And it's after 140 or 50 years, the law has been that the trial court, if the parties appear and argue before them against the finality of the judgment, that the trial court has never had the ability to rule again on the merits? That's what Fowler says. If Mr. Bailey's appeal here is denied, does he have another alternative theory? Does he have other avenues in which to proceed? Well, he's over two years here, 214-01. I suppose you could say that there are some things that he didn't know, and therefore, the time in 214-01 doesn't affect state hate. So maybe let's not use Mr. Bailey. Let's use a defendant who steps up to the bench. It's 60 days past judgment. If he's precluded from proceeding because of timeliness, does he have another theory? Does he have another way to proceed? Well, in those circumstances, yes, he could use the Illinois collateral proceedings. And if in the proper circumstance, he could use the state habeas, he could use his post-conviction, he could use a 214-01. So he's not precluded from proceeding? No. Thank you. If there are no further questions, we would ask this court to affirm the judgment below. Are you in a relation to Lisa Hoffman? To Lisa? No, I am not. I worked with her at the AG Center. I've had people call and say, oh, I talked to your wife the other day, but this is who I am. Okay. Thank you. Maybe just two points and then any questions. There is no reason to limit this, to do the guilty plea limitation that the Halderson case does. Since the Supreme Court, after Flowers, has spoken about subject matter jurisdiction in Bannister, any limitation to just the guilty plea context is not justified. There's no reason why guilty plea motions should be treated in any other post-trial motions, post-judgment motions. There's limits on motions for a new trial, 30 days. There's limits on motions to reconsider a sentence, 30 days. Yet, revestment is applied to those. There is no reason to treat the motion differently in the guilty plea context or the post-judgment motion differently in the guilty plea context, especially with what was said in Bannister after Flowers backing off that what appeared to be an adamant position on waiver of subject matter jurisdiction in Flowers. The reference to subject matter jurisdiction in Bannister shows us that that's not so. The other thing is about this idea of active participation. It's not necessarily that the state is taking an inconsistent position on whether the original judgment was correct, but by participating, it is acknowledging that the judgment was not necessarily final and binding. And I think that's exactly what the state did in this case. They argued the merits of the motion and went along with it. That is challenging. It did not oppose the basic fact that the court was looking at the judgment and reconsidering the judgment. So then you don't give any weight to the word inconsistent. Again, it's with the final and binding nature of the judgment. I think that's where the inconsistency really comes in. By arguing the merits, you are taking a position inconsistent with the final and binding nature of the judgment. The state in this case, am I correct in thinking that they asked for continuance before 21 days to determine what their position might be in response? Yes, there were continuances. Yes, they had every opportunity to raise the jurisdictional objection in this case, including at the final hearing where the merits of the motion were argued. So after three and a half years, the state doesn't come back and say it's a little late? Correct. Any further questions, Reverend? If the trial court didn't have jurisdiction, do we have jurisdiction to rule on the merits of what the trial court did? I think Flowers says we don't. Right. But the revestment cases say if revestment applies, then you have 30 days from the judgment after on the revested motion to then appeal. And that's why we have jurisdiction here. And if Flowers was decided differently and the person was granted relief, and the Supreme Court applied the same logic, would it have decided that because the trial court didn't have jurisdiction, the appellate court didn't have jurisdiction either? I doubt it, Your Honor, but I don't know the answer to that. Pardon me. Okay. Thank you very much. Court is in recess. Anna, adjourned.